KAMMERDINER v. S. R. BOWEN CO. et al.

District Court, S. D. California, C. D.
May 24, 1933.

Hamer H. Jamieson, of Los Angeles, Cal., for plaintiff.

J. Calvin Brown, of Los Angeles, Cal., for defendant S. R. Bowen Co.

Ford W. Harris, R. Welton Whann, and Ward D. Foster, all of Los Angeles, Cal. (Ward D. Foster, of Los Angeles, Cal., of counsel), for defendant J. F. Stephan.

COSGRAVE, District Judge.

Suit for patent infringement. Plaintiff is the owner by assignment from the patentee, Robert McDonald Pyles, of patent No. 1,683,096, application for which was filed May 2, 1921, and patent issued September 4, 1928. It is for a rotary jar, a mechanism used in rotary drilling of oil wells for dislodging and recovering tools lost or stuck in the well, and is designed to loosen the obstruction by force applied suddenly; that is, by jarring it. Hence it is called a "jar" in the oil well drilling trade. Plaintiffs' device is called the "Pyles jar."

The tool is used after the obstruction, whether it be drill bit, casing, or other form of obstruction, has become frozen or fastened in the hole. It is constructed with a tubular section and a plunger section moving longitudinally within the tubular section during the jarring movement, and with means to permit a rotary movement when necessary. Means exist to provide a water circulating opening in the plunger, for in rotary drilling it is necessary that fluid mud be circulated down the drill pipe to keep the bit that is operating on the formation clean and to carry the cuttings from the bit out of the hole. The obstruction, or "fish," as it is referred to in the business of oil well drilling, having become fastened in the hole, some grappling implement is made fast to it at the lower end of the drill pipe so that the obstruction may be withdrawn. In order to effect the withdrawal of the "fish," it is necessary that sudden force be applied upward ordinarily, although the Pyles mechanism can be used to jar downward as well. To accomplish this, the jar is inserted at some point in the drill pipe or line of pipe by means of which the power is transmitted from the surface to the bit at the bottom of the hole. It may be inserted at any point in the line of drill pipe, and, when the latter is fastened to the "fish," the jarring operation may be commenced.

When plaintiff's mechanism is thus inserted, its effectiveness depends entirely upon the speed with which the portion of the drill pipe above it can be withdrawn. It operates only at the speed with which the drill pipe can be raised, as this is the only means of securing a sudden stroke or jar. The action of the pipe is equally effective when used as a hammer whenever such use is necessary. This, of course, is in the opposite direction. The lower end of the drill pipe is fastened to the "fish" in any manner, and the plaintiff's device is screwed at its opposite ends to sections of drill pipe so that the device is made to serve as a short section of the drill pipe. The entire drill pipe is then raised, and the plunger section moves longitudinally within the tubular section, and the drill pipe is withdrawn until the impacting surfaces meet. The result is a shock or sudden jerk applied to the "fish" which, if of sufficient force, will dislodge it. This force is necessarily limited to the momentum of the entire string of drill pipe as it is being raised.

The Bowen jar, which is the alleged infringing device, is a jar used in rotary drilling for a purpose similar to that of the Pyles jar. It is inserted in a section of the drill pipe at some point above the "fish." The evidence in this case shows that in the present day drilling of oil wells such is the power and effectiveness of the machinery employed that, when the line of drill pipe is fastened immovably to the fish at the bottom of the hole, force may be exerted by engines at the

surface sufficient to stretch the heavy steel as much as one inch to every 100 feet. In deep wells, say of 8,000 feet, this would produce a lengthening of 80 inches, something more than 6 feet. A sudden release of this tension will produce a contracting force of many tons. The Bowen jar (patent issued to Stephan, licensor, No. 1,794,991), which plaintiff claims infringes, is designed to produce an upward jar, but not downward. It operates with an outer tubular section and inner member, but the force is produced, not as in the Pyles jar, from hoisting the drill pipe above until the impacting surfaces of the jar contact and thus producing a shock or jar, but depends for its effectiveness as force on sudden release of the tension obtained when the entire line of drill pipe is stretched for the distance described, or for greater or less distance as the case may be. The Bowen jar is provided with an ingenious mechanism by which ribs on the inner surface of an inverted truncated cone or bushing may be so adjusted with relation to corresponding ribs on the outer contacting surface fitting within the bushing that they will yield with a certain degree of force pulling the two apart and allow a sudden movement of the plunger relative to the tubular section. The bushing acts as a spring, and, when the tension reaches a certain degree of strength, acting as a spring, it yields outwardly, allowing the ribs to slip past each other. The conical shape frees the surfaces from contact with each other allowing relative downward movement of the plunger. The sudden springing upward of the drill pipe produces an impact upon the opposing surfaces of the tubular members in the same manner as in the Pyles jar, jarring the "fish" upwardly.

The degree of power necessary to secure the release of the surfaces is regulated by a screw arrangement adapted to fix the point of tension at which the jar trips. This may be done in the shop or at the well as the situation may require. Obviously before the degree of tension is reached at which the ribs will slip past each other the full strength necessary to stretch the pipe to the distance designated is used and the suddenness and strength of the impact produced when the jar trips by far exceeds that which is possible to obtain by the mere upward movement of the entire body of drill pipe as in the Pyles device.

■■ Plainly, therefore, while the two devices are similar in many respects, the principle and mode of operation are entirely different. The Pyles jar produces only such jar as results from the upward movement of the drill pipe in its course while being hoisted by the engine at the surface of the ground. The Bowen jar is released when a tension of the required degree is reached and a delayed action is produced. The Pyles jar operates only at the speed at which the pipe can be raised or lowered. The Bowen jar derives its power from an entirely different source, being the contracting force of the long line of pipe when suddenly released from its tension, and in no way affected by the hoisting of the drill pipe. The Bowen jar may be set in the shop or at the well to withstand a certain amount of strain, and, when this point is reached, it trips, producing the jar. Plainly there is an obvious and substantial difference in means and in operation and function of the two devices. Assuming that the Bowen machine accomplishes the same result as the Pyles patent, this is not controlling, since the means and method of operation are so radically different. United States v. Berdan Firearms Mfg. Co., 156 U. S. 552, 15 S. Ct. 420, 39 L. Ed. 530; Safety Car H. & L. Co. v. Gould Coupler Co. (D. C.) 245 F. 755; Union Steam-Pump Co. v. Battle Creek Steam-Pump Co. (C. C. A.) 104 F. 337; Walker on Patents (6th Ed.) vol. 1, p. 491; 48 Corpus Juris, 302.

I cannot find from the evidence that the Pyles patent was a success. Only one device under the patent was ever made. One driller at least, who testified, stated that it was of no practical use. The Bowen jar, on the other hand, is widely used and effective for the purpose. This is not at all improbable considering the difference in the operation of the two devices. Deering v. Winona Harvester Works, 155 U. S. 286, 15 S. Ct. 118, 39 L. Ed. 153.

Having come to a fixed conclusion on the matters above set out, I think it unnecessary to discuss the other issues raised.

Judgment will therefore be for the defendants.